Devine, J.
(dissenting). There is nothing in the option agreement, as our colleagues observe, that expressly requires plaintiff to obtain subdivision approval prior to exercising the option. Indeed, this Court noted as much upon a prior appeal (115 AD3d 1074, 1076 [2014]). This Court also stressed on that appeal, however, that it was not addressing the separate issue of whether “plaintiff will be unable to record a deed for the 3.5-acre parcel without first obtaining subdivision approval” (id. at 1077). That issue is before us now and, inasmuch as subdivision approval is needed for plaintiff to record the reconveyance deed and fulfill its obligations under the option agreement, we respectfully dissent.
If the option agreement permits plaintiff to exercise the option without obtaining subdivision approval, plaintiff will obtain a deed to the 3.5 acres that, while passing legal title, cannot be recorded as an indirect result of the unauthorized subdivision. The public will be unaware that the transfer and subdivision has occurred under these circumstances, and practical difficulties will exist for defendant Roustabout Resources, LLC (hereinafter defendant) should it attempt to sell the portion of the parcel it still owns to anyone but plaintiff. Moreover, the Town of Pittstown or its taxpayers may well act “to prevent such unlawful . . . [sub] division of land, [or] to restrain, correct or abate such violation” if they learn of it (Town Law § 268 [2]; see Real Property Law § 334 [4] [monetary penalty against subdivision owner who fails to file a subdivision map]). This is, to be charitable, an undesirable state of affairs. Plaintiff and the then owners of the 15.94 acres were nevertheless free to enter into an agreement leading to that outcome if they wished.
They did not. Defendant is obliged under the option agreement to execute a reconveyance deed “upon written demand” of plaintiff. Defendant’s obligation is preceded by that of plaintiff to prepare the deed “together with such other instruments necessary for recording,” and plaintiff is further required to file (which there is little doubt encompasses an obligation to record) those documents once executed. Plaintiff was and remains unable to prepare and file one of those documents, the Real Property Transfer Report (RP-5217), since plaintiff cannot make the necessary statement that “the parcel conveyed by *1223 [the accompanying] deed [is subject to a planning board empowered to approve subdivisions and] such subdivision has been approved” (Real Property Law § 333 [1-e] [ii] [8]; see Real Property Law § 333 [1-e] [i], [ii] [7]). The option agreement vests plaintiff with discretion to make whatever municipal approvals it deems to be “necessary or desirable,” and nothing within the agreement explicitly requires that plaintiff obtain subdivision approval prior to exercising the option. That being said, plaintiffs obligation to “prepare! ] and file[ ]” the deed, which must be done “together with” other documents “necessary for recording,” cannot be accomplished without subdivision approval.
These provisions seem to conflict but, if they can reasonably be reconciled, this Court must do so and give both effect (see A. Cappione, Inc. v Cappione, 119 AD3d 1121, 1122-1123 [2014]; Matzen Constr. v Schultz, 257 AD2d 724, 725-726 [1999]). Reconciliation may easily be had here by applying the rule that a specific obligation in the option agreement — namely, plaintiffs commitment to concomitantly prepare, then record, the deed and ancillary documents — trumps plaintiffs general discretion in making municipal applications (see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 905, 907-908 [2014]; Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965-966 [2005]). Plaintiff, by failing to obtain subdivision approval, cannot prepare and record the reconveyance deed and accompanying documents as required and has therefore failed to substantially perform its commitments under the option agreement. “What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case,” but the failure to prepare and be ready to record the necessary documents has persisted for no apparent reason since plaintiff first attempted to exercise the option in 2011, a delay that is unreasonable by any measure (Parker v Booker, 33 AD3d 602, 603-604 [2006], lv denied 8 NY3d 811 [2007]). Thus, we would hold that plaintiff has not substantially performed under the option agreement and is not entitled to specific performance.
Aarons, J., concurs.
Ordered that the order is affirmed, with costs.